UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL P. MCWILLIAMS,

       Plaintiff,

-against-

PAUL A. SANDY, in his official capacity as Chief of Police for the Cortland City Police Department; DAVID GUERRERA, in his official capacity as Deputy Chief of Police for Cortland City Police Department; CORTLAND CITY POLICE DEPARTMENT – CRIMINAL INVESTIGATION DIVISION; CORTLAND CITY POLICE DEPARTMENT,

       Defendants.

23-CV-4651 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff filed this action *pro se*. On June 9, 2023, the Court transferred the action in the interest of justice under 28 U.S.C. § 1404(a) to the Northern District of New York. (ECF 3.) On June 13, 2023, Plaintiff filed a letter challenging the June 9, 2023, transfer order.

  Normally, the transfer of a case divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court, however, retains jurisdiction over the action if the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995). Because Plaintiff filed the motion challenging the June 9, 2023, transfer order before this action has been transmitted to the transferee court, this Court has jurisdiction to consider Plaintiff's motion.

The Court liberally construes this submission as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

In its June 9, 2023, transfer order, the Court determined that the events giving rise to Plaintiff's claims occurred in both Cortland County and Westchester County, and therefore under 28 U.S.C. § 1391(b)(2), venue is proper in this District or the Northern District of New York. The Court also determined that because all Defendants – the City of Cortland Police Department

and two of its officials – reside in Cortland County, venue is also proper under Section 1391(b)(1) in the Northern District of New York.

As the Court discussed in its order, even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); *see Keitt v. N.Y. City*, 882 F. Sipp. 2d 412, 459-60 (S.D.N.Y. 2011) (setting forth ten factors courts consider whether determining whether transfer is appropriate). The Court weighed the factors, and determined that under Section 1404(a), transfer to the Northern District of New York would be appropriate.

In his motion, Plaintiff appears to advance several arguments. Plaintiff argues that the Clerk of Court has incorrectly assigned this action a Nature of Suit code of 550, which includes civil rights actions filed by prisoners or people in custody. Plaintiff also states that he previously filed another action under 42 U.S.C. § 1983, *McWilliams v. Monroe*, No. 23-CV-3414 (LTS). He points out that the Court transferred this action before his claims in *Monroe* have been addressed, which "suggests to me that the Court became confused that I was a prisoner or was a prisoner in the Northern District." (ECF 4, at 2.) Plaintiff asserts that, "I am not a prisoner – nor was I ever a prisoner – in any capacity; let alone in the Northern District of New York. I have never even been arrested." (*Id.* at 2.) Plaintiff further argues that the transfer order should be reversed because his complaint alleged that a "substantial part of events or omissions giving rise to the claim occurred" in Westchester (*id.*), which is essentially just a restatement of 28 U.S.C. § 1391(b)(2).

The Court denies Plaintiff's motion for reconsideration because Plaintiff does not show that the Court overlooked any controlling legal decisions of factual matters in its order transferring this action. Nothing in the order suggests that the Court believed Plaintiff was a

3

prisoner in the Northern District of New York or that any such mistaken belief played any role in the Court's decision. In fact, the court's docket indicates that Plaintiff resides in New Rochelle, Westchester County, New York, and the Court's order states that Plaintiff moved to New Rochelle at some point during the events giving rise to his claims. Even if the Court assumes that the Clerk of Court applied the wrong Nature of Suit code to Plaintiff's case, such a mistake would have no bearing on the Court's decision to transfer the case.[1] Similarly, the fact that Plaintiff may have another pending action in this court in no way suggests that transfer of this action was inappropriate.

Plaintiff's restatement of his allegations in the complaint that a substantial portion of the events or omissions giving rise to his claims occurred in Westchester County is not new information and does not change the Court's analysis. In its order, the Court determined that the events giving rise to Plaintiff's claims occurred in both Cortland County and Westchester County, and that under 28 U.S.C. § 1391(b)(2), venue would be proper in both this District and in the Northern District of New York. As the Court also noted, even if a "substantial portion" of the events occurred in Westchester, and venue is therefore proper in this District, Section 1404(a) gives the Court the authority to transfer an action to another district in which the action may have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). As stated in the Court's order, Plaintiff's claims could have been brought in the Northern District because all Defendants reside there. *See* 28 U.S.C. § 1391(b)(1). The Court weighed the various factors and found that transfer under Section 1404(a) was appropriate because a substantial part of the events omissions giving rise to Plaintiff's claims against the

---

[1] The designation of this case with Nature of Suit Code 550 does in fact appear to have been an administrative error and has been corrected.

named Defendants occurred in Cortland County, all Defendants reside there, and because Plaintiff's claims arise from an investigation conducted by the Cortland County Child Protective Services and concern actions allegedly taken by the Cortland County Police Department, it is reasonable to expect that relevant documents and witnesses would also be in Cortland County. The Court therefore determined that transfer under Section 1404(a) to the Northern District of New York would be appropriate. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff's motion under Fed. R. Civ. P. 59(e).

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 4) is denied.

This action is closed. The Clerk of Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 15, 2023
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge