UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MICHAEL P. McWILLIAMS,

                  Plaintiff,

v.

PAUL A. SANDY, in his official capacity as
Chief of Police for the Cortland City Police Dep't;
DAVID GUERRERA, in his official capacity as
Deputy Chief of Police for Cortland City Police
Dep't; CORTLAND CITY POLICE DEP'T –
CRIMINAL INVESTIGATION DIV.; and
CORTLAND CITY POLICE DEP'T,

                  Defendants.

5:23-CV-0728
(DNH/ML)

---

APPEARANCES:

MICHAEL P. McWILLIAMS
  Plaintiff, *Pro Se*
98 Flandreau Avenue
New Rochelle, New York 10804

OF COUNSEL:

MIROSLAV LOVRIC, United States Magistrate Judge

## **REPORT and RECOMMENDATION**

### I.    INTRODUCTION

Plaintiff Michael P. McWilliams ("Plaintiff") commenced this action *pro se* on June 1, 2023, by the filing of a Complaint with the District Court for the Southern District of New York. (Dkt. No. 1.) Plaintiff did not pay the filing fee for this action and sought leave to proceed *in forma pauperis* ("IFP"). (Dkt. No. 2.) On September 19, 2023, the undersigned denied Plaintiff's IFP application and directed Plaintiff to, within thirty days, pay the $402.00 filing fee.

(Dkt. No. 9.)  The Court's order of September 19, 2023, was served via regular mail at Plaintiff's address of record.  (*Id*.)  Despite the passage of more than thirty days since the issuance of the Court's order dated September 19, 2023, Plaintiff has taken no further action in this case.  (*See generally* docket sheet.)

## II. PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402,[1] must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized, however, to grant IFP status if it determines that the plaintiff is unable to pay the required fee.  28 U.S.C. § 1915(a)(1).[2]  Pursuant to 28 U.S.C. § 1915, where a plaintiff seeks leave to proceed IFP, the court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying the required filing fee.  28 U.S.C. § 1915(a)(1).

In this instance, due to the Court's determination that Plaintiff does not qualify for leave to proceed without prepayment of fees, and Plaintiff having failed to comply with this Court's order dated September 19, 2023, I now recommend that Plaintiff's Complaint be dismissed for failure to pay the required filing fee.  *See, e.g., Walker v. Vill. Ct.*, 17-CV-0390, 2017 WL 4220415, at *2 (N.D.N.Y. Aug. 4, 2017) (Peebles, M.J.) (citing *Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013)) (recommending dismissal of the plaintiff's complaint where he failed to

---

[1]     The filing fee in this district increased to $405 as of December 1, 2023.  However, the filing fee was $402 at the time that Plaintiff commenced this action.

[2]     The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates.  *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses").  The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria.  *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

either pay the required filing fee or demonstrate that he qualifies for leave to proceed without prepayment of fees), *report and recommendation adopted by*, 2017 WL 4221069 (N.D.N.Y. Sept. 20, 2017) (Hurd, J.).

**ACCORDINGLY**, it is respectfully

**RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED without prejudice**; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this report and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[3]

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[4]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: December 15, 2023
       Binghamton, New York

_Miroslav Lovric_
Miroslav Lovric
U.S. Magistrate Judge

---

[3]  The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

[4]  If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

Case 5:23-cv-00728-DNH-ML   Document 10   Filed 12/15/23   Page 4 of 6

Walker v. Village Court, Not Reported in Fed. Supp. (2017)

2017 WL 4220415
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Alfred Marion WALKER, Plaintiff,
v.
VILLAGE COURT, et al., Defendants.

Civil Action No. 3:17-CV-0390 (DNH/DEP)
|
Signed 08/04/2017

**Attorneys and Law Firms**

ALFRED MARION WALKER, c/o 60 Saratoga Avenue, Apartment 114, Binghamton, NY 13901, Pro se.

REPORT AND RECOMMENDATION

David E. Peebles, U.S. Magistrate Judge

*1 Plaintiff Alfred Marion Walker, who is proceeding *pro se*, has commenced this action against the State of New York and various agencies and individuals associated with Broome County and/or the City of Endicott, New York. Despite ample notice of the requirement that he either pay a statutory filing fee or submit a properly supported application for leave to proceed *in forma pauperis*, he has failed to do either. Accordingly, I recommend that plaintiff's complaint be dismissed.

I. BACKGROUND
Plaintiff commenced this action on April 6, 2017. Dkt. No. 1. Plaintiff's complaint names the State of New York and sixteen other defendants of varying descriptions as defendants, and sets forth five enumerated causes of action for trespass or "trespass on the case." *See generally id.* Upon receiving plaintiff's complaint, District Judge David N. Hurd issued an order on April 11, 2017, directing administrative closure of the case in light of plaintiff's failure to pay the requisite statutory filing fee or file an application to proceed in the action *in forma pauperis* ("IFP"). Dkt. No. 3.

Plaintiff thereafter submitted to the court a document entitled "Writ Re: Amended Action And Application for In forma pauperis" and "Writ of Error Qua Corum Nobis Residant." Dkt. No. 4. That document, as well as plaintiff's complaint, were referred to me for review. Based upon that review, I issued an order on May 10, 2017, denying plaintiff's IFP application, without prejudice, and requiring plaintiff to either pay the statutory filing fee of $400.00 or submit a proper application for leave to proceed without prepayment of fees on or before June 2, 2107. Dkt. No. 6. Despite the passage of that deadline, plaintiff has taken no further action in this case.

II. DISCUSSION
Upon commencement of an action in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1). [1]

Notwithstanding the reference in the document's title to "Application for In Forma pauperis," plaintiff's most recent submission fails to contain any information concerning his financial status. *See generally* Dkt. No. 4. Instead, plaintiff insists that courts lack the authority to require payment of filing fees for court access, citing *Crandall v. State of Nevada*, 73 U.S. 35 (1867). *Id.* at 2. That case, however, does not so hold, and Congress has specifically authorized district courts to require payment of filing fees in order to commence actions. *See* 28 U.S.C. § 1914(a) ("The clerk of each district court *shall require* the parties instituting any civil action ... to pay a filing fee[.]" (emphasis added)). As was noted above, district courts do retain the discretion, upon a proper showing, to excuse the payment of the filing fee and grant IFP status to a plaintiff. 28 U.S.C. § 1915(a)(1); *see Fridman*, 195 F. Supp. 2d at 536 & n.1. In this instance, however, due to plaintiff's failure to provide any information concerning his finances, the court is unable to make any meaningful assessment of his financial status and determine whether he qualifies for leave to proceed without prepayment of fees.

*2 Having failed to comply with this court's May 10, 2017 order, I now recommend that plaintiff's complaint be dismissed for failure to pay the required filing fee or to obtain leave to proceed IFP. *See, e.g., Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013).

III. SUMMARY AND RECOMMENDATION
Despite being placed on notice of the court's requirements, plaintiff has failed to either pay the required filing fee in this

Walker v. Village Court, Not Reported in Fed. Supp. (2017)

Case 5:23-cv-00728-DNH-ML   Document 10   Filed 12/15/23   Page 5 of 6

case or to demonstrate that he qualifies for leave to proceed without prepayment of fees. Accordingly, it is hereby

RECOMMENDED that plaintiff's complaint in this action be DISMISSED without prejudice.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[2] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

**All Citations**

Not Reported in Fed. Supp., 2017 WL 4220415

---

**Footnotes**

[1]  The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[2]  If you are proceeding *pro se* and are served with this report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

Case 5:23-cv-00728-DNH-ML   Document 10   Filed 12/15/23   Page 6 of 6

Walker v. Court, Not Reported in Fed. Supp. (2017)

2017 WL 4221069
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Alfred Marion WALKER, Plaintiff,
v.
Village COURT; the State of New York; Village of Endicott; Endicott Police Department; Officer Dunham, Badge # 470; Officer J Wanka, Badge # 478; Captain Collins; Judge Alfonso Ortega; David Stokes; Karen Micalizzi Tautero; C.O. Zachary Moor; Sgt Bixby, C.O.; C.O. Rick Borchardt; C.O. Dennis Rowd; C.O. Sean Bell; Broome County Jail; and Broome County, Defendants.

3:17-CV-390 (DNH/DEP)
|
Signed 09/20/2017

**Attorneys and Law Firms**

ALFRED MARION WALKER, c/o 60 Saratoga Avenue, Apartment 114, Binghamton, NY 13901, Plaintiff pro se.

### DECISION and ORDER

DAVID N. HURD, United States District Judge

**\*1** Pro se plaintiff Alfred Marion Walker brought this action against various state and local agencies and employees. On August 4, 2017, the Honorable David E. Peebles, United States Magistrate Judge, advised by Report-Recommendation that plaintiff's complaint be dismissed for failing to pay either a statutory filing fee or submit a properly supported application for leave to proceed in forma pauperis, despite multiple opportunities to do so and advisement of same. No objections to the Report-Recommendation have been filed.

Based upon a careful review of the entire file and the recommendations of the Magistrate Judge, the Report-Recommendation is accepted in whole. See 28 U.S.C. § 636(b)(1).

Therefore, it is

ORDERED that

1. This action is DISMISSED without prejudice; and

2. The Clerk is directed to enter judgment accordingly and close the file.

IT IS SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2017 WL 4221069

---

**End of Document**  © 2023 Thomson Reuters. No claim to original U.S. Government Works.